FIRST NATIONAL BANK OF ELGIN

v.

WILLIAM SCHWEEN, EX., ETC., ET AL.

1.  EVIDENCE—"DIVIDEND PLAN"—RIGHT TO PROCEEDS.—The court is of opinion that under the evidence in this case complainants did not sell their milk to K., but delivered it to him to be manufactured into butter and cheese on the "dividend" plan, thus retaining the property in the product after it was manufactured and a right to the proceeds of the same

when sold, and that they therefore were entitled to the proceeds of the butter and cheese taken by them out of the hands of the bank's agents and converted into money.

2. DEED OF TRUST—DESCRIPTION OF PARTIES.—The court is of opinion that the description of the beneficiaries or parties secured by the deed of tru-t is sufficient.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed April 28, 1886.

Mr. JOHN WOODBRIDGE, for appellant.

Messrs. SHERWOOD & JONES, for appellees.

BAILEY, P. J. This was a bill in chancery brought by Ludwig Werner and twenty-five others, against Charles S. Ki'-bourne, the First National Bank of Elgin and others, to fore-close a deed of trust executed by said Kilbourne and wife to Alfred Bosworth as trustee, for the benefit of the complainants. The bill alleges, in substance, that the complainants are farmers and dairymen, residing in the town of Barrington, Cook county, and that said Kilbourne is, and on the 4th day of April, 1882, was, the owner of certain lands in said county, on which was located a cheese and butter factory then operated and conducted by him on what is commonly known as the "dividend plan," said Kilbourne receiving milk from the farmers and dairymen, and manufacturing it into butter and cheese at the customary price of two cents per pound for cheese and four cents per pound for butter, and selling such product, and after deducting his charges and the necessary expenses of shipping and selling the same, dividing the net proceeds *pro rata* among said dairymen; that being desirous of procuring the patronage of the complainants, and in order to induce them to bring milk to his factory, and to secure the payment to them of such dividends as might thereafter be declared, or such indebtedness to the complainants for milk as might thereafter accrue, said Kilbourne, together with his wife, on the 4th day of April, 1882, executed a deed of trust

conveying said lands and premises to said Bosworth in trust, to secure the payment to said patrons for said milk or the proceeds arising from the sale thereof, said deed of trust being duly recorded on the 8th day of May, 1882; that during the months of August, September, and the first fourteen days of October, 1883, the complainants furnished to Kilbourne, under said arrangement, a large quantity of milk, and that he had failed to pay them for the same or for any portion of the product manufactured therefrom; that on Sunday, the 14th day of October, 1883, Kilbourne had in said factory a large amount of butter and cheese, which had been manufactured from the milk belonging to the complainants, they being the only persons who had furnished milk to said factory during said time, and said Kilbourne knowing himself to be insolvent, fraudulently confederated with said Bosworth to spirit away said butter and cheese and cheat the complainants out of the same, and that Kilbourne and Bosworth procured wagons and teams and secretly and silently, at the hour of midnight, proceeded to said factory, and loaded on said wagons the entire product of said milk then in said factory and started to draw the same away, when a portion of the complainants pursued and overtook the teamsters in charge and took possession of said butter and cheese by virtue of legal process; that from the sale of said product so rescued from Kilbourne and Bosworth, the complainants have realized the sum of $650, which they are ready and willing to credit on the amount found due them on an accounting with Kilbourne. The bill further alleges that the First National Bank of Elgin and certain other defendants, have or claim some interest in the mortgaged premises as mortgagees, judgment creditors or otherwise, but that such interest is subject to the lien of said deed of trust. The bill prays for an accounting in respect to the moneys due the complainants from Kilbourne and a foreclosure of the trust deed and a sale of the mortgaged premises to pay the same.

The First National Bank of Elgin, answered and also filed its cross-bill, alleging the invalidity of said deed of trust, alleging that the dealings between the complainants and Kilbourne

were in fact sales of said milk by them to him; that being indebted to said bank for money loaned in the sum of $6,700, to secure the payment thereof, said Kilbourne, together with his wife, on the 13th day of October, 1883, executed to said bank a mortgage on said factory and premises; that to further secure said indebtedness, said Kilbourne, being the owner of said butter and cheese then in said factory, assigned and delivered the same to said bank, and that the bank took possession thereof and loaded the same on to wagons and took it away from the factory and thus acquired a right to hold the same as a security for its indebtedness, but that the same was unlawfully seized by the complainants.

The cross-bill prays that said butter and cheese may be decreed to have been the property of Kilbourne at the time it was turned over to the bank, and that the seizure thereof by the complainants was unlawful; that the complainants' deed of trust may be declared to be void, and the complainants' mortgage be declared a first lien on the mortgaged premises, and for a decree of foreclosure and sale.

The decree found that the complainants were entitled to retain the avails of the butter and cheese seized and sold by them, and that after deducting that sum from the amount due them from Kilbourne, there remained due them, for principal and interest, the sum of $2,581.23; that said deed of trust was a valid and first lien in favor of the complainants on the mortgaged premises for the amount of said indebtedness and costs, and said deed of trust was accordingly ordered foreclosed and the mortgaged premises sold to satisfy the same.

One of the main points of controversy at the hearing was, as to whether the complainants, in their dealings with Kilbourne, sold to him their milk, or delivered it to him to be manufactured into butter and cheese on the co-operative or dividend plan, thus retaining the property in the product after it was manufactured, and a right to the proceeds of the same when sold. On this point the evidence is very voluminous and quite conflicting, but after such examination as we have been able to give the evidence, we are of the opinion that it sustains the contention of the complainants, and that the court

was justified in holding that the manufactured product, after the payment to Kilbourne of his charges, was the property of the complainants, and consequently, that they were entitled as against the bank, which was clearly chargeable with notice of the complainants' rights, to the proceeds of the butter and cheese taken by them out of the hands of the agents of the bank and converted into money.

It is urged that the deed of trust is invalid for the reason that the beneficiaries or parties secured are not sufficiently described. The language of the instrument is as follows:

"Whereas the said Charles S. Kilbourne, grantor, is engaged in a certain cheese factory located on the premises herein described, in the manufacture of cheese from milk furnished by sundry persons or patrons, which said cheese and butter the said Kilbourne sells from time to time, paying said patrons the proceeds of such sales as dividends or as indebtedness for milk delivered to him, and whereas, said Kilbourne will become indebted from time to time to said patrons for the milk so delivered and to be delivered, and the proceeds arising from the sales of the product thereof," etc. It was accordingly provided, that in case of the failure of Kilbourne to pay said patrons the several amounts becoming due them, the security might be foreclosed for their benefit. We are unable to perceive in this description of the parties any such uncertainty as would render the conveyance inoperative or void. The identity of the persons or patrons with whom Kilbourne was then dealing, and with whom he expected to deal, was a matter capable of being established by proof, thus rendering the description certain, and we think that such proof was made, and that the complainants are sufficiently identified as the ben. eficiaries in whose favor the deed of trust was intended to be executed.

We find no error in the decree and it will be affirmed.

Decree affirmed.